UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHARLES DALE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MITCHELL DANIELS, et al., )<br>)<br>Defendants. ) | 1:12-cv-1672-TWP-TAB |

**Entry and Order Dismissing Action**

**I.**

Charles Dale, an Indiana prisoner, seeks damages from an array of defendants because he is overdue for assignment to a work release status while serving the sentence imposed in No. 49F18-1112-FD-086024. His claims are asserted pursuant to 42 U.S.C. § 1983.

Because Dale is a Aprisoner@ as defined by 28 U.S.C. ' 1915(h), the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, A[a] complaint must always . . . allege ≻enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

555 (2007)). AA claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

No action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

Dale's complaint recites that he is lawfully in custody pursuant to the sentence in No. 49F18-1112-FD-086024. His complaint is that his custody at a prison rather than his assignment to a work release program is unlawful. This is a question of prison classification. Dale had no federally secured right to a particular classification, even if he thought his classification unjustified. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998)("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)).

For the reasons explained above, the complaint fails to survive the screening required by ' 1915A, because it fails to state a claim upon which relief can be granted. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. Dismissal shall be without prejudice.

## II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _12/13/2012_

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Charles Dale
930808
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box A
New Castle, IN 47362